IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN D. HENEGAR, )
        Plaintiff )
        v. ) No. 3:06-cv-21
AGILYSYS, INC., )
        Defendant )

## **MEMORANDUM OPINION**

This is a diversity action removed to this court from the Chancery Court for Campbell County, Tennessee. Plaintiff raises breach of contract and slander claims against Agilysys based on the apparent forgery of a check issued by Agilysys. Currently pending is the defendant's motion for summary judgment [Court File #6]. Plaintiff has failed to respond to the pending motion in a timely and is therefore deemed to have waived any response. Rule 7.2, Local Rules of the United States District Court for the Eastern District of Tennessee.

The facts surrounding this dispute are best summarized in the affidavit of Kathryn K. Vanderwist, General Counsel for Agilysys, and are undisputed. Ms.

Vanderwist is the person who investigated plaintiff's claims against Agilysys. She asserts that plaintiff claims to have entered into a contract with Agilysys through an individual named Ahmed Kuduzoo. Mr. Kuduzoo purported to purchase from plaintiff a "140-page data base of individuals and organizations which would provide grant money" for approximately $1.8 million. Plaintiff signed a written contract supplied by the individual identified as Ahmed Kuduzoo, and Kuduzoo provided plaintiff with a check in the amount of approximately $1.8 million, with Agilysys as the payor.

Upon investigation, it is undisputed that the check was forged. Apparently, a valid Agilysys check made payable to IBM Canada had the named payee changed from "IBM Canada" to "John's Gifts." The written contract entered into between plaintiff and Ahmed Kuduzoo is not one that has ever been used by the defendant for its purchases. Mr. Kuduzoo does not work for the defendant, nor has he ever. In fact, the defendant has no knowledge about Kuduzoo's identity.

Ultimately, upon discovery of the forgery, the Bank of Montreal issued a stop-payment on the check. This was not done at the direction of Agilysys. Upon hearing from plaintiff's lawyer and learning of plaintiff's claims, Ms. Vanderwist contacted the U.S. Attorney and the FBI regarding the forgery. The result of the FBI's investigation has not been divulged to the defendant. Neither Ms. Vanderwist

nor anyone else working for the defendant has made any claim that the plaintiff forged the check or engaged in any other wrongdoing.

II.

*Summary Judgment Standard*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere

3

existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

### III.
### *Analysis*

It is undisputed that plaintiff had no contract with the defendant. Nor is there any evidence that an individual calling himself Ahmed Kuduzoo had any authority to bind the defendant. Rather, it appears undisputed from the record that plaintiff was simply the victim of a scam by this individual.

With regard to plaintiff's slander claim, it is undisputed that neither Ms. Vanderwist nor anyone else employed by the defendant made any slanderous statements to the FBI or anyone else regarding Mr. Henegar's involvement with the forged check. Rather, the defendant simply requested that the incident be investigated.

4

IV.

*Conclusion*

In light of the foregoing, defendant's motion for summary judgment [Court File #6] will be granted and this action dismissed.

Order accordingly.

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE