IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN D. HENEGAR, ) | |
| Plaintiff ) | |
| v. ) | No. 3:06-cv-21 |
| AGILYSYS, INC., ) | |
| Defendant ) | |

## **MEMORANDUM OPINION**

This is an action originally brought in the Chancery Court for Campbell County, Tennessee, by the Home Federal Bank Corporation (Home Federal), arising out of a bank account opened with an allegedly forged check in the amount of approximately $1.8 million. It resulted in a judgment in favor of Home Federal against John D. Henegar in the approximate amount of $114,000 plus interest. The state court action also had a third-party complaint by Mr. Henegar, the payee listed on the $1.8 million check, against third-party defendant Agilysys, Inc. (Agilysys), the payor on the check. Following the entry of judgment in favor of the Bank, Agilysys removed the remainder of the case to this court on the basis of diversity of citizenship, 28 U.S.C. §1332. On August 11, 2006, this court entered summary

judgment in favor of Agilysys following the plaintiff's failure to timely respond to Agilysys' summary judgment motion.

Following the entry of summary judgment, plaintiff John Henegar filed the following motions:

    (1)    Plaintiff's motion for relief from summary judgment [Court File #13];

    (2)    Plaintiff's motion for summary judgment [Court File #14];

    (3)    Plaintiff's motion for a new trial [Court File #16]; and

    (4)    Plaintiff's amended motion for relief and motion for new trial [Court File #17].

For the reasons that follow, each of those motions will be denied and this action dismissed.

Mr. Henegar contends that he was unable to timely respond to the motion for summary judgment because he was out of town and unaware of the motion. The court is mindful that Mr. Henegar is proceeding *pro se.* Accordingly, the court will reconsider the entry of summary judgment in the defendant's favor in light of the submissions the plaintiff and defendant have made following the entry of

summary judgment. The court concludes that even in light of those submissions, the defendant is nevertheless entitled to summary judgment.

I.

*Factual Background*

Plaintiff's factual allegations are contained in his brief in support of his motion for summary judgment. Plaintiff's allegations relevant to the summary judgment motion are as follows:

> I entered into a contract with Agilysys Canada, Inc., (ACI), a subsidiary of Agilysys, Inc., in January of 2005, to purchase a data base I had created. The discussion had originally started when I was searching for a company to help develop it and place it on CD Rom. I [sic] turned out, it was going to cost more than I could afford, so I had asked Mr. Ahmed Kudizoo, purchasing director for Agilysys, Inc., if they might be interested in purchasing the data base and all of its rights. A few days later Mr. Kudizoo had e-mailed me with an offer of $1.8 million to buy the data base. I accepted the offer. Mr. Kudizoo then stated that I would receive a contract, and to sign it and mail it back. On January 30, 2005, I received the contract. I read it, signed it, and mailed it back to Agilysys, Inc., in Solon, OH. On February 17, 2005, I received a check in the amount of $1,843,322.39, via DHL.
>
> . . .
>
> On February 24, 2005, Mr. Williams (Home Federal Bank) notified me that the check had cleared, and the funds were available. So, as any other normal person would do, I paid

some bills, and bought three new vehicles and three four-wheelers for my children. On February 28, 2005, I had written a check to a friend for a $5,000 loan. About an hour later, the person called me and told me that the check was no good. I immediately called the bank and Mr. Williams was not available. I spoke with Angie Poteet, who stated that there was a problem with the check and to call back in an hr. and speak with Mr. Williams.

I called back and spoke with Mr. Williams. He stated that the defendant's (Agilysys, Inc.) bank, the Bank of Montreal, had placed a hold on the check at the defendant's insistence. The Bank of Montreal stated that the defendant proclaimed the check was counterfeit.

. . .

Then several days later the Federal Bureau of Investigation showed up at my door to interrogate me. They said that I was their only target and that I had to have done this because they could not find anyone else. To this present time, I am still a suspect.

Agilysys' defense is that they had no knowledge of this contract. That no one from their corporation authorized this transaction. The check had been intercepted and altered at some point after leaving the corporate mail room and that at best the contract is a Non-Disclosure Agreement (NDA).

In support of its motion for summary judgment, Agilysys submitted the affidavit of Kathryn K. Vanderwist, its general counsel. Ms. Vanderwist is the person who investigated plaintiff's claims against Agilysys. She asserts that plaintiff claims to have entered into an alleged contract with Agilysys through an individual named Ahmed Kudizoo. Mr. Kudizoo purported to purchase from plaintiff a "140-page data

base of individuals and organizations which could provide grant money" for approximately $1.8 million. Plaintiff signed a written contract supplied by the individual who identified himself as Ahmed Kudizoo, and Kudizoo provided plaintiff with a check in the amount of approximately $1.8 million with Agilysys as the payor.

Ms. Vanderwist states that upon her investigation it is undisputed that the check was forged. The check matches in number a valid Agilysys check made payable to IBM Canada in a different amount. On the forged check the amount had been changed and the payee changed from "IBM Canada" to "John's Gifts." The purported written contract entered into between plaintiff and Ahmed Kudizoo is not one that has ever been used by the defendant for any of its purchases. Ms. Vanderwist claims that Mr. Kudizoo does not work for the defendant, nor has he ever. Nor does the defendant have any knowledge about Kudizoo's identity.

Ultimately, upon discovery of the forgery, the Bank of Montreal issued a stop payment on the check. Ms. Vanderwist states that this was not done at the direction of Agilysys. Upon hearing from plaintiff's lawyer and learning of plaintiff's claims, Ms. Vanderwist contacted the U.S. Attorney and the FBI regarding the forgery. The result of the FBI's investigation has not been divulged to the defendant. Neither Ms. Vanderwist nor anyone else working for the defendant has made any claim that the plaintiff forged the check or engaged in any other wrongdoing.

5

The defendant has taken the deposition of the plaintiff. In that deposition Mr. Henegar admitted that he never met Mr. Kudizoo in person and that his only contact with him was over the phone or by e-mail; that he expected that the two-page document mailed to him titled "Confidentiality and Non-Circumvention Agreement Software Development Purchase Agreement" was not the final contract and that another written agreement would be coming for him to sign; and that the first time he was aware of a company called Agilysys was when he saw that name on the document he received from Mr. Kudizoo.

Plaintiff has submitted the affidavit of Keebler Williams, the manager of the Jacksboro, Tennessee branch of Home Federal. Mr. Williams states the following:

> 8. On February 28, 2005, I was advised by the main office at Home Federal that the check deposited by defendant Henegar was being returned by the Bank of Montreal, Ontario, Canada, and would not be honored because the check was counterfeit. Home Federal immediately advised Henegar that the check would not be honored, and that no further withdrawals would be permitted from his accounts. I have since been advised by the main office of Home Federal that the check was altered by changing the amount and the name of the payee after the check was issued by the payor.

## II.

### *Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

III.

***Analysis***

In response to the award of summary judgment for the defendant, plaintiff concedes that he has not stated a slander claim and that that claim was simply added to the third-party complaint by his former counsel. Accordingly, summary judgment in favor of the defendant was appropriate on the slander claim.

With respect to plaintiff's breach of contract claim, the court notes that the language of the written agreement does not appear to be a contract for the purchase of a data base, but rather a confidentiality agreement. From the admissible evidence submitted by the parties it is not a type of contract ever used by Agilysys. Moreover, there is no evidence of record to contradict the affidavit of Ms. Vanderwist that no one by the name of Ahmed Kudizoo was ever a director, officer, employee, or agent of Agilysys in any capacity.

If the evidence of record were submitted to a jury, even including the page reportedly printed from the internet, which plaintiff says lists Ahmed Kudizoo as purchasing director for Agilysys, the jury could reach no reasonable conclusion other than that no contract had been created between Mr. Henegar and Agilysys. The jury, like the plaintiff, the defendant and the court, would only be left to speculate as to the identity of the mysterious Kudizoo.

The court notes that plaintiff filed a counter-claim in state court against Home Federal alleging that it was negligent in authorizing the withdrawals plaintiff made from his account. However, the state court entered summary judgment in favor of the Bank and it is simply too late for this court to go behind that judgment against a party no longer a party to this lawsuit.

IV.

*Conclusion*

In light of the foregoing, plaintiff's motion for relief from summary judgment [Court File #13], motion for summary judgment [Court File #14], motion for a new trial [Court File #16] and amended motion for relief and motion for a new trial [Court File #17] will be denied and this action will be dismissed.

9

Diane Henegar's motion to intervene as a plaintiff [Court File #27], filed on December 4, 2006, fails to state a claim upon which relief can be granted and is therefore DENIED.

Order accordingly.

                                                        ***s/ James H. Jarvis***
                                              UNITED STATES DISTRICT JUDGE